**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac motion forthcoming*
Frank J. Mazzaferro, *pro hac motion forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **CHERIE LUCIEN, individually and on behalf of all others similarly situated;**<br><br>**Plaintiff,**<br><br>-against-<br><br>**PCL CONSTRUCTION ENTERPRISES, INC., and PCL INDUSTRIAL CONSTRUCTION CO.,**<br><br>**Defendants.** | **No: 4:19-cv-1089**<br><br>**COLLECTIVE ACTION COMPLAINT** |

Cherie Lucien ("Plaintiff" or "Lucien"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and her similarly situated co-workers – HSE Coordinators, Pipe Foremen, Pipe Fitter Journeyman, Electrical Journeyman, Rigger Journeyman, and other similarly situated individuals paid a *per diem* (collectively "Non-Exempt Laborers") – who work or have worked for PCL Construction Enterprises, Inc., and PCL Industrial Construction Co. (collectively "Defendants" or "PCL"), throughout the United States.

2.      According to its website, the PCL family of general contracting construction companies is composed of several construction companies that carry out operations in different construction markets and geographic areas.[1] Overseeing this "family" of companies is PCL Construction Enterprises, Inc., which provides advice and services, on a direct or consultation basis to groups within the PCL family of construction companies and oversees PCL's entities in the US.[2]

3.      Founded in 1906 by Ernest Poole[3] in Saskatchewan, Canada, today PCL employees over 10,000 hourly tradespeople across the United States, Canada, and Australia.[4] "With hundreds of projects active at one time, PCL is one of the largest construction companies in North America."[5]

4.      PCL owns and maintains a central website for its business operations located at www.pcl.com.  From this central website, individuals can apply for employment at PCL job sites around the country regardless of the "family" contracting company involved.[6] Moreover, the website contains information for each of the companies within the PCL "family."[7] In addition, regardless of the PCL "family" company, PCL utilizes the same logos and other company identifiers on documents provided to employees.

---

[1] *See* PCL Website "History Page" (*available at* http://www.pcl.com/Meet-the-PCL-Family/Meet-Our-Team/PCL-Companies/Pages/default.aspx) (last accessed September 26, 2018)
[2] *See* PCL Website "Meet the PCL Family" (*available at* http://www.pcl.com/Meet-the-PCL-Family/Locations/United-States/Denver/Pages/US-Head-Office.aspx) (last accessed September 26, 2018)
[3] *See* PCL Website "History Page" (*available at* http://www.pcl.com/Meet-the-PCL-Family/Meet-Our-Team/PCL-Companies/Pages/default.aspx) (last accessed September 26, 2018)
[4] *See* PCL Website "Facts and Figures" (*available at* http://www.pcl.com/Meet-the-PCL-Family/Facts-and-Figures/Pages/Facts-and-Figures-United-States.aspx) (last accessed September 26, 2018)
[5] *See* PCL Website "Life at PCL" (*available at* https://careers.pcl.com/us/en/lifeatpcl) (last accessed September 26, 2018).
[6] *See* PCL Website "Search Careers" (*available at* https://careers.pcl.com/experiencedprofessionals/us/en/search-results) (last accessed September 26, 2018).
[7] *See* PCL Website "Meet the PCL Family" (*available at* http://www.pcl.com/Meet-the-PCL-Family/Locations/United-States/Denver/Pages/US-Head-Office.aspx) (last accessed September 26, 2018)

5.      PCL compensated the Non-Exempt Laborers on an hourly and *per diem* basis.

6.      Despite being non-exempt employees, PCL has failed to properly pay the Non-Exempt Laborers overtime compensation at 1.5 times their regular rates of pay, which should include all compensation labeled as *per diem*.

7.      PCL tied Non-Exempt Laborers' *per diem* to the hours they worked.

8.      For example. Lucien was informed a *per diem* would be paid "provided that you work all scheduled hours and that you meet the mileage criteria, fifty (50) mile radius outside of the project location, to receive per diem. A day worked is defined as a minimum of 10 hours. If you do not work all of your scheduled hours you will only be eligible to receive per diem for the time worked. This also applies to late arrivals, early-outs or absence's either excused or non-excused. Based on your hourly classification, you will earn 1.5 times your base hourly wage for hours worked in excess of 40 hours, note all overtime hours beyond the project sites scheduled 50-hour work week must be preapproved by your direct supervisor." Exhibit A, Offer Letter.

9.      PCL's "Per Diem Allowance Policy" further confirms the *per diem* payment is tied to the hours worked by the Non-Exempt Laborers.

10.     PCL's Job Listings for Non-Exempt Laborers state that *per diems* paid to Non-Exempt Laborers are tied to the number of hours they worked.

11.     PCL's policy of tying *per diem* payments to hours worked was applied to Lucien and the other Non-Exempt Laborers.

12.     Lucien brings this action on behalf of herself and all other similarly situated Non-Exempt Laborers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

## THE PARTIES

### Plaintiff

**Cherie Lucien**

13.     Lucien is an adult individual who is a current resident of Louisiana.

14.     Lucien was employed as an HSE Coordinator by PCL from approximately June 28, 2018 through September 16, 2018

15.     Lucien worked for Defendants at their site located in Lake Charles, LA.

16.     Lucien is a covered employee within the meaning of the FLSA.

17.     A written consent form for Lucien is filed with this Collective Action Complaint.

### Defendants

18.     Defendants jointly employed Plaintiff and similarly situated employees at all times relevant.

19.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

20.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

21.     During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

**PCL Construction Enterprises, Inc.**

22.     Together with the other Defendants, PCL Construction Enterprises, Inc. owned and/or operated PCL during the relevant period.

23.     PCL Construction Enterprises, Inc. is a foreign for-profit corporation organized and existing under the laws of Denver.

24.     PCL Construction Enterprises, Inc.'s principal executive office and corporate headquarters are located at 2000 South Colorado Blvd Ste 2-500, Denver, CO 80222.

25.     PCL Construction Enterprises, Inc. is a covered employer within the meaning of the FLSA and at all times relevant, PCL Construction Enterprises, Inc. employed Plaintiff and similarly situated employees.

26.     At all times relevant, PCL Construction Enterprises, Inc. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

27.     PCL Construction Enterprises, Inc. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers in its operation, including policies, practices, and procedures with respect to the payment of per diems and overtime compensation.

28.     Upon information and belief, at all relevant times PCL Construction Enterprises, Inc. has had an annual gross volume of sales in excess of $500,000.00.

**PCL Industrial Construction Co.**

29.     Together with the other Defendants, PCL Industrial Construction Co. owned and/or operated PCL during the relevant period.

30.     PCL Industrial Construction Co. is a foreign for-profit corporation organized and existing under the laws of Denver.

31.     PCL Industrial Construction Co.'s principal executive office and corporate headquarters are located at 2322 West Grand Parkway North, Katy, TX 77449.

32.     PCL Industrial Construction Co. is a covered employer within the meaning of the FLSA and at all times relevant, PCL Industrial Construction Co. employed Plaintiff and similarly situated employees.

33.     At all times relevant, PCL Industrial Construction Co. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

34.     PCL Industrial Construction Co. applies the same employment policies, practices, and procedures to all Non-Exempt Laborers in its operation, including policies, practices, and procedures with respect to the payment of per diems and overtime compensation.

35.     Upon information and belief, at all relevant times PCL Industrial Construction Co. has had an annual gross volume of sales in excess of $500,000.00.

## JURISDICTION AND VENUE

36.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

37.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

38.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the district and conducts business in this District.

## COLLECTIVE ACTION ALLEGATIONS

39.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly situated persons who work or have worked as Non-Exempt Laborers for PCL throughout the United States who elect to opt-in to this action (the "FLSA Collective").

40.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

41.     Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their

regular rates of pay for all hours worked beyond 40 per workweek.

42.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

43.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, proper premium overtime wages for all hours worked in excess of 40 hours per workweek.

## PLAINTIFF'S FACTUAL ALLEGATIONS

44.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Cherie Lucien**

45.    Lucien was employed by PCL as an HSE Coordinator at one of its job sites located in Louisiana from approximately June 28, 2018 through September 16, 2018.

46.    During her employment, Lucien generally worked over 40 hours per week.

47.    Defendant compensated Lucien on an hourly and *per diem* basis.

48.    Defendant paid Lucien $29.00 per hour for all hours up to and including 40 per workweek.

49.    In addition to this hourly wage, Defendants compensated Lucien with a $95 "*per diem*" that was tied to the number of hours that she worked at the job site on a given day.

50.    On July 2, 2018, Lucien's pay was reduced because she worked 9.5 hours instead of 10 hours.

51.     On July 13, 2018, Lucien's pay was reduced because she worked 5.5 hours instead of 10 hours.

52.     On August 28, 2018, Lucien's pay was reduced because she worked 9.5 hours instead of 10 hours.

53.     On September 8, 2018, Lucien's pay was reduced because she worked .5 hours instead of 10 hours.

54.     In the 1-week period ending August 12, 2018, Lucien worked 41.5 hours.

55.     In addition to her hourly pay, PCL paid Lucien a total of $570 in alleged *per diem*.

56.     This "*per diem*" compensation was improperly excluded from her regular rate of pay for the purposes of calculating overtime.

57.     PCL's failure to pay overtime to Lucien based on her full "regular rate" violated the FLSA. *See* 29 U.S.C. § 207(a) & (e).

58.     Despite regularly working over 40 hours per workweek, Defendant failed to compensate Lucien with the proper overtime compensation of 1.5 times her regular rate of pay, which should have included all *per diem* payments, for all hours she was suffered or permitted to work in excess of 40 hours per workweek.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Broughton behalf of Plaintiff and the FLSA Collective)**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

61.     During this time, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per week.

62.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

63.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Laborers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for PCL.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Prejudgment and post-judgment interest;

D.      Reasonable attorneys' fees and costs of the action; and

E.      Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**/s/ Richard J. (Rex) Burch**

_____

Richard (Rex) J. Burch

**BRUCKNER BURCH PLLC**
Richard (Rex) J. Burch
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac motion forthcoming*
Frank J. Mazzaferro, *pro hac motion forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against PCL CONSTRUCTION ENTERPRISES, INC. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP and BRUCKNER BURCH PLLC ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Cherie Lucien*
Cherie Lucien (Sep 18, 2018)
_____
Signature

## Cherie Lucien
_____
Full Legal Name (Print)