UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERIE LUCIEN, individually and on behalf of all other similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-01089 |
| PCL CONSTRUCTION ENTERPRISES, INC., and PCL INDUSTRIAL CONSTRUCTION, CO., | § § § § | COLLECTIVE ACTION COMPLAINT |
| Defendants. | § § | |

**DEFENDANT PCL CONSTRUCTION ENTERPRISES, INC.'S
ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant PCL Construction Enterprises, Inc. ("Enterprises") files this Original Answer in response to the Original Complaint (the "Complaint") filed by Plaintiff Cherie Lucien ("Plaintiff").

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

Enterprises admits or denies the allegations in the Complaint as set forth below. Any allegation not specifically admitted is denied. The numbering contained in the below paragraphs corresponds to the numbering in the Complaint. Enterprises answers as follows on behalf of itself alone and not on behalf of the other Defendant in this litigation, PCL Industrial Construction, Co.

1.      Enterprises admits that Plaintiff brings this lawsuit purporting to assert claims to recover overtime compensation and other damages for herself and similarly situated individuals. Enterprises denies the underlying allegations in Paragraph 1, including that it ever employed

Plaintiff or that it is liable to Plaintiff in any way. Enterprises further denies that this case is appropriate for collective action treatment.

2. Enterprises admits the allegations in Paragraph 2.

3. Enterprises objects that the allegations in Paragraph 3 are vague and unclear because it is not evident whether Plaintiffs are referring to "PCL" as defined in the Original Complaint or as that term is used on the cited www.pcl.com website, and Enterprises therefore denies the same.

4. Enterprises objects that the allegations in Paragraph 4 are vague and unclear because it is not evident whether Plaintiffs are referring to "PCL" as defined in the Original Complaint or as that term is used on the cited www.pcl.com website, and Enterprises therefore denies the same.

5. Enterprises denies that it compensated Plaintiff or any of the members of the proposed class and denies that any *per diem* reimbursements allegedly received by Plaintiff or any members of the proposed class constituted "compensation," and therefore denies the allegations in Paragraph 5.

6. Enterprises denies the allegations in Paragraph 6.

7. Enterprises denies the allegations in Paragraph 7.

8. Enterprises admits that Exhibit A to the Complaint contains the language set forth in Paragraph 8, but denies that Exhibit A accurately reflects the pay practices applied to any member of the proposed class. Enterprises denies that it ever employed Plaintiff or any members of the proposed class and denies any remaining allegations in Paragraph 8.

9. Enterprises denies that it employed Plaintiff or any members of the proposed class and denies that it promulgated any "Per Diem Allowance Policy" as alleged in Paragraph 9.

10. Enterprises denies that it employed Plaintiff or any members of the proposed class and denies that it posted any job listings for Plaintiff or any members of the proposed class, and therefore denies the allegations in Paragraph 10.

11. Enterprises denies that it employed Plaintiff or any members of the proposed class and denies that it paid Plaintiff or any members of the proposed class, and therefore denies the allegations in Paragraph 11.

12. Enterprises admits that Plaintiff brings this lawsuit purporting to assert claims under the FLSA on behalf of herself and similarly situated individuals. Enterprises denies the underlying allegations in Paragraph 12, including that it ever employed Plaintiff or is liable to Plaintiff in any way. Enterprises further denies that this lawsuit is appropriate for collective action treatment.

13. Enterprises is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. Enterprises denies that it employed Plaintiff and therefore denies the allegations in Paragraph 14.

15. Enterprises denies that it employed Plaintiff and therefore denies the allegations in Paragraph 15.

16. Enterprises denies that Plaintiff was its employee and therefore denies the allegations in Paragraph 16.

17. Enterprises admits that Plaintiff filed a written consent form with the Complaint. Enterprises denies the underlying allegations in Paragraph 17, including that Enterprises is liable to Plaintiff in any way. Enterprises further denies that this lawsuit is appropriate for collective action treatment.

18. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 18.

19. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 19.

20. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 20.

21. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 21.

22. The allegations in paragraph 22 are vague and unclear because it is unclear whether the term "PCL" is being used as a defined term and whether Plaintiff is alleging that Enterprises owned itself and/or whether Plaintiff is also alleging that PCL Industrial Construction, Co. is an owner of Enterprises. Because the allegations are unclear, Enterprises denies the same.

23. Enterprises admits the allegations in Paragraph 23.

24. Enterprises admits the allegations in Paragraph 24.

25. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 25.

26. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 26.

27. Enterprises denies that it employed Plaintiff or any members of the proposed class and therefore denies the allegations in Paragraph 27.

28. Enterprises admits the allegations in Paragraph 28.

29. The allegations in paragraph 29 are vague and unclear because it is unclear whether the term "PCL" is being used as a defined term and whether Plaintiff is alleging that Enterprises

owned itself and/or whether Plaintiff is also alleging that PCL Industrial Construction, Co. is an owner of Enterprises. Because the allegations are unclear, Enterprises denies the same.

30. Paragraph 30 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. To the extent a response is required, on information and belief Enterprises admits the allegations in Paragraph 30.

31. Paragraph 31 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. To the extent a response is required, on information and belief Enterprises admits the allegations in Paragraph 31.

32. Paragraph 32 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. Enterprises does not maintain employment records for Plaintiff or any members of the proposed class. Paragraph 32 further contains legal conclusions to which no response is required.

33. Paragraph 33 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. Enterprises does not employ Plaintiff or any members of the proposed class. Paragraph 33 further contains legal conclusions to which no response is required.

34. Paragraph 34 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. Enterprises does not employ Plaintiff or any members of the proposed class. Because Enterprises is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34, Enterprises denies the same.

35. Paragraph 35 contains allegations concerning Co-Defendant PCL Industrial Construction, Co. which are not applicable to Enterprises. To the extent a response is required, Enterprises admits the allegations in Paragraph 35.

36. Paragraph 36 contains legal assertions and conclusions that do not require a response.

37. Paragraph 36 contains legal assertions and conclusions that do not require a response.

38. Paragraph 38 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 38 contains factual allegations, Enterprises admits that it resides in and conducts business in this District.

39. Enterprises admits that Plaintiff brings this lawsuit purporting to assert claims under the FLSA on behalf of herself and similarly situated individuals. Enterprises denies the underlying allegations in Paragraph 39, including that it ever employed Plaintiff or is liable to Plaintiff in any way. Enterprises further denies that this lawsuit is appropriate for collective action treatment.

40. Enterprises denies the allegations in Paragraph 40.

41. Enterprises denies the allegations in Paragraph 41.

42. Enterprises denies the allegations in Paragraph 42.

43. Enterprises denies the allegations in Paragraph 43.

44. Enterprises denies the allegations in Paragraph 44.

45. Enterprises denies that it employed Plaintiff. Enterprises is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 45 and therefore denies the same.

46. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 46 and therefore denies the same.

47. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 47 and therefore denies the same.

48. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 48 and therefore denies the same.

49. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 49 and therefore denies the same.

50. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 50 and therefore denies the same.

51. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 51 and therefore denies the same.

52. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 52 and therefore denies the same.

53. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 53 and therefore denies the same.

54. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 54 and therefore denies the same.

55. Enterprises denies that it employed Plaintiff, and is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 55 and therefore denies the same.

56. Enterprises denies the allegations in Paragraph 56.

57. Enterprises denies the allegations in Paragraph 57.

58. Enterprises denies the allegations in Paragraph 58.

59. Enterprises admits, denies, or lacks sufficient knowledge or information concerning the factual allegations re-alleged and adopted by reference in Paragraph 59, as specifically set forth in the preceding paragraphs.

60. Paragraph 60 contains legal assertions and conclusions that do not require a response.

61. Enterprises denies that it employed Plaintiff and similarly situated employees as set forth in Paragraph 61. Enterprises is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 61 and therefore denies the same.

62. Enterprises denies the allegations in Paragraph 62.

63. Enterprises denies the allegations in Paragraph 63.

Enterprises denies that Plaintiff is entitled to any relief in this case, including specifically the relief sought in the Prayer for Relief and subparagraphs (A) – (E) thereof.

## **AFFIRMATIVE DEFENSES**

Enterprises asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Enterprises and that are Plaintiff's burden to prove. Enterprises reserves the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1. Enterprises did not employ Plaintiff or any member of the proposed class.

2. Plaintiff's Complaint allegations against Enterprises should be dismissed in its entirety because there are no legally viable claims under the FLSA that Plaintiff could assert against Enterprises.

3. Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

4. Plaintiff's lawsuit is improperly brought in this judicial forum. Plaintiff and other members of the proposed class entered into a binding arbitration agreement with Co-Defendant PCL Industrial Construction, Co. to arbitrate disputes concerning their employment which applies to this dispute.

5. Moreover, this Court is not the appropriate or most convenient venue, including under the *forum non conveniens* doctrine and 28 U.S.C. § 1404.

6. Plaintiff's claims fail because any *per diem* paid to Plaintiff and members of the proposed class was not tied to hours worked, did not constitute "compensation," and was reimbursement for expenses that was properly excluded from the regular rate under the FLSA.

7. Plaintiff's claims fail because at all times Plaintiff and members of the proposed class have been paid all compensation due and owing in accordance with applicable law.

8. Plaintiff and any member of the proposed class were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA.

9. Plaintiff and any member of the proposed class are not entitled to the damages sought because at all times Enterprises acted in good faith in the belief that it was not in violation of any of the provisions of the FLSA.

10. Plaintiff and any member of the proposed class are not entitled to attorney's fees and costs because Enterprises complied with all federal laws and at all times acted in good faith.

11. Any claims occurring more than two years prior to the time of the filing of the current action are barred by the applicable statute of limitations.

12. Enterprises' actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

13. Enterprises did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law; nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

14. Plaintiff and any member of the proposed class are not entitled to liquidated damages under 29 U.S.C. § 260 because, at all times relevant to this action, Enterprises acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and had reasonable grounds for believing it did not violate the provisions of the FLSA.

15. Plaintiff's claims and the claims of members of the proposed class are barred in whole or in part because they seek to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA or any other applicable law.

16. Any claims for overtime compensation and/or liquidated damages are barred for hours allegedly worked without Enterprises' actual or constructive knowledge.

17. To the extent Plaintiff or any member of the proposed class is entitled to any additional alleged overtime pay (which Enterprises does not admit), Plaintiff or the member of the proposed class would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

18. Any preliminary and/or postliminary time for which Plaintiff or any member of the proposed class seeks compensation is non-compensable and barred by the Portal to Portal Act of 1947, including 29 U.S.C. § 254.

19. Plaintiff and any member of the proposed class are not entitled to compensation for time spent on activities that were not compensable work under the FLSA and that were not an integral and indispensable part of the Plaintiff's principal job duties.

20. Plaintiff is not an adequate representative or similarly situated to the proposed class.

21. The proposed class contains individuals in different positions and at different locations who are not similarly situated and whose claims would be subject to a highly individualized analysis that is inappropriate for collective action treatment.

        Respectfully submitted,

        */s/ Barham Lewis*
        Barham Lewis
        Texas Bar No. 12277400
        S.D. Tex No. 10203
        barham.lewis@ogletree.com
        OGLETREE, DEAKINS, NASH, SMOAK
          & STEWART, P.C.
        500 Dallas, Suite 3000
        Houston, Texas 77002-4709
        (713) 655-0855
        (713) 655-0020 (Fax)

        **ATTORNEYS FOR DEFENDANT**
        **PCL CONSTRUCTION ENTERPRISES, INC.**

**OF COUNSEL:**
Samantha Seaton
Texas Bar No. 24088382
S.D. Tex No. 2182853
OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
500 Dallas Street, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2019, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

Richard (Rex) J. Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas   77046

Joseph A Fitapelli
Frank J. Mazzaferro
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York   10005

*/s/ Barham Lewis*
Barham Lewis