**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERIE LUCIEN, individually and on behalf of all other similarly situated<br><br>Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-01089 |
| PCL CONSTRUCTION ENTERPRISES, INC., and PCL INDUSTRIAL CONSTRUCTION, CO.,<br><br>Defendants. | § | COLLECTIVE ACTION COMPLAINT |

**DEFENDANT PCL INDUSTRIAL CONSTRUCTION, CO.'S**
**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant PCL Industrial Construction Co. ("PICCO") files this Original Answer in response to the Original Complaint (the "Complaint") filed by Plaintiff Cherie Lucien ("Plaintiff").

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

PICCO admits or denies the allegations in the Complaint as set forth below. Any allegation not specifically admitted is denied. The numbering contained in the below paragraphs corresponds to the numbering in the Complaint. PICCO responds to Plaintiff's Complaint only on its own behalf and not on behalf of the other Defendant in this litigation, PCL Construction Enterprises, Inc. ("Enterprises").

1. PICCO admits that Plaintiff brings this lawsuit purporting to assert claims to recover overtime compensation and other damages for herself and similarly situated individuals. PICCO denies the underlying allegations in Paragraph 1, including that PICCO is liable to Plaintiff in any way. PICCO further denies that this case is appropriate for collective action treatment.

2. PICCO admits the allegations in Paragraph 2.

3. PICCO objects that the allegations in Paragraph 3 are vague and unclear because it is not evident whether Plaintiffs are referring to "PCL" as defined in the Original Complaint or as that term is used on the cited www.pcl.com website, and PICCO therefore denies the same.

4. PICCO objects that the allegations in Paragraph 4 are vague and unclear because it is not evident whether Plaintiffs are referring to "PCL" as defined in the Original Complaint or as that term is used on the cited www.pcl.com website, and PICCO therefore denies the same.

5. PICCO admits that Plaintiff and some members of the proposed class were paid on an hourly basis. PICCO denies that any *per diem* payment made to Plaintiff or any member of the proposed class constituted "compensation" for purposes of the Fair Labor Standards Act.

6. PICCO denies the allegations in Paragraph 6.

7. PICCO denies the allegations in Paragraph 7.

8. PICCO admits that Exhibit A to the Complaint contains the language set forth in Paragraph 8, but denies that Exhibit A accurately reflects the pay practices applied to Plaintiff or any member of the proposed class. PICCO denies all remaining allegations in Paragraph 8.

9. PICCO denies that any alleged "Per Diem Allowance Policy" proves that any *per diem* payment made to Plaintiff or any member of the proposed class was tied to their hours worked and therefore denies the allegations in Paragraph 9.

10. PICCO denies the allegations in Paragraph 10.

11. PICCO denies the allegations in Paragraph 11.

12. PICCO admits that Plaintiff brings this lawsuit purporting to assert claims under the FLSA on behalf of herself and similarly situated individuals. PICCO denies the underlying

allegations in Paragraph 12, including that PICCO is liable to Plaintiff in any way. PICCO further denies that collective action treatment is appropriate in this case.

13. PICCO is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. PICCO admits that it employed Plaintiff as an HSE Coordinator from June 28, 2018, to September 16, 2018.

15. PICCO admits that Plaintiff performed work for PICCO in Lake Charles, LA.

16. Paragraph 16 is a legal conclusion to which no response is required.

17. PICCO admits that Plaintiff filed a written consent form with the Complaint. PICCO denies the underlying allegations in Paragraph 17, including that PICCO is liable to Plaintiff in any way. PICCO denies that this case is appropriate for collective action treatment.

18. PICCO admits that it employed Plaintiff and denies the remaining allegations in Paragraph 18.

19. The allegations in Paragraph 19 are vague and unclear because "substantial" and "similarly situated" are not defined, and PICCO therefore denies the same. PICCO further denies it maintained any "unlawful policies and practices" as alleged in Paragraph 19.

20. PICCO admits that it employed Plaintiff and denies the remaining allegations in Paragraph 20.

21. PICCO admits that it employed Plaintiff and denies the remaining allegations in Paragraph 21.

22. The allegations in paragraph 22 are vague and unclear because it is unclear whether the term "PCL" is being used as a defined term and whether Plaintiff is alleging that Enterprises

owned itself and/or whether Plaintiff is also alleging that PICCO is an owner of Enterprises. Because the allegations are unclear, PICCO denies the same.

23. Paragraph 23 contains allegations concerning Enterprises which are not applicable to PICCO. To the extent a response is required, on information and belief PICCO admits the allegations in Paragraph 23.

24. Paragraph 24 contains allegations concerning Enterprises which are not applicable to PICCO. To the extent a response is required, on information and belief PICCO admits the allegations in Paragraph 24.

25. Paragraph 25 contains a legal conclusion to which no response is required. To the extent a response is required, PICCO denies the allegations in Paragraph 25.

26. PICCO denies that Enterprises employed the Plaintiff or members of the proposed class and therefore denies the allegations in Paragraph 26.

27. PICCO denies that Enterprises employed the Plaintiff or members of the proposed class and therefore denies the allegations in Paragraph 27.

28. Paragraph 28 contains allegations concerning Enterprises which are not applicable to PICCO. To the extent a response is required, on information and belief PICCO admits the allegations in Paragraph 28.

29. The allegations in paragraph 29 are vague and unclear because it is unclear whether the term "PCL" is being used as a defined term and whether Plaintiff is alleging that Enterprises owned itself and/or whether Plaintiff is also alleging that PCL Industrial Construction, Co. is an owner of Enterprises. Because the allegations are unclear, PICCO denies the same.

30. PICCO admits the allegations in Paragraph 30.

31. PICCO admits the allegations in Paragraph 31.

32. Paragraph 32 contains a legal conclusion to which no response is required. To the extent a response is required, PICCO admits it employed Plaintiff and denies the remaining allegations in Paragraph 32. PICCO further denies that this case is appropriate for collective action treatment.

33. Paragraph 33 is vague and unclear because the phrases "[a]t all times relevant" and "similarly situated" are not defined, and PICCO therefore denies the allegations in Paragraph 33.

34. PICCO denies the allegations in paragraph 34.

35. PICCO admits the allegations in Paragraph 35.

36. Paragraph 36 contains legal assertions and conclusions that do not require a response.

37. Paragraph 36 contains legal assertions and conclusions that do not require a response.

38. Paragraph 38 contains legal assertions and conclusions that do not require a response. To the extent Paragraph 38 contains factual allegations, PICCO admits that it resides in and conducts business in this District.

39. PICCO admits that Plaintiff brings this lawsuit purporting to assert claims under the FLSA on behalf of herself and similarly situated individuals. PICCO denies the underlying allegations in Paragraph 39, including that PICCO is liable to Plaintiff in any way. PICCO further denies that this case is appropriate for collective action treatment.

40. PICCO denies the allegations in Paragraph 40.

41. PICCO denies the allegations in Paragraph 41.

42. PICCO admits that it assigned work to Plaintiff and denies the remaining allegations in Paragraph 42.

43. PICCO denies the allegations in Paragraph 43.

44. PICCO denies the allegations in Paragraph 44.

45. PICCO admits that it employed Plaintiff as an HSE Coordinator from June 28, 2018 to September 16, 2018.

46. The allegations in Paragraph 46 are vague and unclear because "generally" is not defined, and PICCO therefore denies the same.

47. PICCO admits that Plaintiff was paid on an hourly basis. PICCO denies that any *per diem* payment to Plaintiff was "compensation" under the FLSA and denies the remaining allegations in Paragraph 47.

48. PICCO admits that Plaintiff received $29.00 per hour for hours worked up to forty hours per week.

49. PICCO denies the allegations in Paragraph 49.

50. The allegations in Paragraph 50 are vague and unclear because it is not clear whether "pay" refers to Plaintiff's compensation or to *per diem*s, and PICCO therefore denies the same.

51. The allegations in Paragraph 51 are vague and unclear because it is not clear whether "pay" refers to Plaintiff's compensation or to *per diem*s, and PICCO therefore denies the same.

52. The allegations in Paragraph 50 are vague and unclear because it is not clear whether "pay" refers to Plaintiff's compensation or to *per diem*s, and PICCO therefore denies the same.

53. The allegations in Paragraph 50 are vague and unclear because it is not clear whether "pay" refers to Plaintiff's compensation or to *per diem*s, and PICCO therefore denies the same.

54. PICCO admits the allegations in Paragraph 54.

55. PICCO admits that Plaintiff received $570 in per diem and otherwise denies the allegations in Paragraph 55.

56. PICCO denies the allegations in Paragraph 56.

57. PICCO denies the allegations in Paragraph 57.

58. PICCO denies the allegations in Paragraph 58.

59. PICCO admits, denies, or lacks sufficient knowledge or information concerning the factual allegations re-alleged and adopted by reference in Paragraph 59, as specifically set forth in the preceding paragraphs.

60. Paragraph 60 contains legal assertions and conclusions that do not require a response.

61. PICCO denies the allegations in Paragraph 61.

62. PICCO denies the allegations in Paragraph 62.

63. PICCO denies the allegations in Paragraph 63.

PICCO denies that Plaintiff is entitled to any relief in this case, including specifically the relief sought in the Prayer for Relief and subparagraphs (A) – (E) thereof.

## AFFIRMATIVE DEFENSES

PICCO asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to PICCO and that are Plaintiff's

burden to prove. PICCO reserves the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1. Plaintiff's Complaint should be dismissed in whole or in part for failure to state a claim upon which relief can be granted.

2. Plaintiff's lawsuit is improperly brought in this judicial forum. Plaintiff and other members of the proposed class entered into a binding arbitration agreement with PICCO to arbitrate disputes concerning their employment which applies to this dispute.

3. Moreover, this Court is not the appropriate or most convenient venue, including under the *forum non conveniens* doctrine and 28 U.S.C. § 1404.

4. Plaintiff's claims fail because any *per diem* paid to Plaintiff and members of the proposed class was not tied to hours worked, did not constitute "compensation," and was reimbursement for expenses that was properly excluded from the regular rate under the FLSA.

5. Plaintiff's claims fail because at all times Plaintiff and members of the proposed class have been paid all compensation due and owing in accordance with applicable law.

6. Plaintiff and any member of the proposed class were compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA.

7. Plaintiff and any member of the proposed class are not entitled to the damages sought because at all times PICCO acted in good faith in the belief that it was not in violation of any of the provisions of the FLSA.

8. Plaintiff and any member of the proposed class are not entitled to attorney's fees and costs because PICCO complied with all federal laws and at all times acted in good faith.

9. Any claims occurring more than two years prior to the time of the filing of the current action are barred by the applicable statute of limitations.

10. Enterprises' actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

11. PICCO did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law; nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

12. Plaintiff and any member of the proposed class are not entitled to liquidated damages under 29 U.S.C. § 260 because, at all times relevant to this action, PICCO acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the United States Department of Labor and had reasonable grounds for believing it did not violate the provisions of the FLSA.

13. Plaintiff's claims and the claims of members of the proposed class are barred in whole or in part because they seek to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA or any other applicable law.

14. Any claims for overtime compensation and/or liquidated damages are barred for hours allegedly worked without PICCO's actual or constructive knowledge.

15. To the extent Plaintiff or any member of the proposed class is entitled to any additional alleged overtime pay (which PICCO does not admit), Plaintiff or the member of the proposed class would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

16. Any preliminary and/or postliminary time for which Plaintiff or any member of the proposed class seeks compensation is non-compensable and barred by the Portal to Portal Act of 1947, including 29 U.S.C. § 254.

17. Plaintiff and any member of the proposed class are not entitled to compensation for time spent on activities that were not compensable work under the FLSA and that were not an integral and indispensable part of the Plaintiff's principal job duties.

18. Plaintiff is not an adequate representative or similarly situated to the proposed class.

19. The proposed class contains individuals in different positions and at different locations who are not similarly situated and whose claims would be subject to a highly individualized analysis that is inappropriate for collective action treatment.

Respectfully submitted,

*/s/ Barham Lewis*__________
Barham Lewis
Texas Bar No. 12277400
S.D. Tex No. 10203
barham.lewis@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Dallas, Suite 3000
Houston, Texas 77002-4709
(713) 655-0855
(713) 655-0020 (Fax)

**ATTORNEYS FOR DEFENDANT PCL INDUSTRIAL CONSTRUCTION CO.**

**OF COUNSEL:**
Samantha Seaton
Texas Bar No. 24088382
S.D. Tex No. 2182853
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.500 Dallas Street, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2019, the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

Richard (Rex) J. Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Joseph A Fitapelli
Frank J. Mazzaferro
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York 10005

*Barham Lewis*
Barham Lewis